```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22183-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

DARRICK ADAWAY,               :

     Petitioner,              :
                                        SUPPLEMENTAL REPORT
v.                            :                OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

## I. Introduction

Darrick Adaway, who is presently confined at Cross City Correctional Institution in Cross City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 00-32947, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This Court previously filed a Report addressing the petition on the merits. This cause has been re-referred for further consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and the Respondent's supplemental response and appendixes of exhibits.

## II. Procedural History[1]

Adaway filed the instant petition on August 13, 2007, raising several claims of ineffective assistance of counsel.[2]

The undersigned issued a Report recommending habeas relief be denied. [DE# 37]. The District Court adopted the Report and Recommendations and dismissed Adaway's habeas petition. [DE# 40, 42, 45]. The Eleventh Circuit Court of Appeals granted Adaway's motion and identified an additional issue for consideration pursuant to Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992). Presently before the Court is whether counsel was ineffective for failing to appeal the denial of the motion to suppress Adaway's confession. [DE# 57]. The Respondent filed a supplemental response and appendixes of documents. [DE# 63, 64, 68]. Adaway did not file a supplemental reply.

## III. Relevant Facts

Adaway moved to suppress his confession because it was obtained in violation of his right to counsel and privilege against cross-examination, not freely and voluntarily given, the fruit of an illegal arrest, and unsupported by independent prima facie proof of the corpus delecti of the charged offense. [DE# 70-1]. At the suppression hearing, defense counsel argued the motion to suppress should be granted because Adaway was under the influence of drugs, had little education, was not able to speak and express himself well, could not remember all the facts, and was not the

---

[1] This Report focuses on the claim that counsel was ineffective for failing to appeal the denial of Adaway's motion to suppress. A full procedural history and discussion of Adaway's other habeas claims can be found in the original Report. [DE# 37].

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

consequences of giving a statement could be his conviction of an offense. Counsel suggested the confession was coerced because Adaway suddenly changed his mind and started giving a statement after he was left alone with the officer.

The trial court found Adaway's taped statement was knowing and voluntary and denied the motion to suppress:

> The court has heard the testimony of the witnesses and read the exhibits that has been entered into evidence as regard to the first motion, the defense motion to suppress statements. The Court ... will make a finding that the statement made by the defendant both the verbal statement and the subsequent stenograph statement were clearly established by the preponderance of the evidence to be knowingly and intelligently and voluntarily made. The Court look at the totality of the circumstances, the mental capacity, the physical condition, the demeanor as explained and established by the witness, Detective Borges, articulated he claim this defendant was about the to set forth. The fact that this is not the first time they have met. The level of education he advised not once or twice. And this detective had interviewed this defendant on more than one occasion, not on this case. There is somewhat of a relationship between the two level of education, what high school graduated, reading skills. He was able to read the rights back, initial them, the time of the interrogation. My notes show that they came in 5:15 when he was arrested by another detective, first contact he was given 30 minutes to eat. At 6 p.m. Miranda rights were signed by him which is 45 minutes into the interview, in the report stenographic statement was made.

> So the Court is to perceive are the following into the line of thought of the defense, he made a statement only because Borges was there, only when he was there. Subsequent to that there was a stenograph statement that he signed. So based upon the totality of the circumstances that there was proper police conduct and the statement freely and voluntarily made. So the motion to suppress is denied.

[DE# 67 at 80-81].

Adaway argued in his October 2, 2006, Rule 3.850 motion for post-conviction relief, in part, that: (6) counsel was ineffective for failing to appeal of the denial of the motion to suppress his statement. [DE# 22, Ex. K at 26]. The trial court denied relief:

> The defendant's argument that his attorney failed to appeal a suppression issue is not cognizable in a Motion for Post Conviction Relief under Florida Rule of Criminal Procedure 3.850, and therefore his argument is without merit. Claims of ineffective assistance of appellate counsel are not cognizable in Post Conviction Motions. (See Griffin v. State, 866 So. 2d 1 (Fla. 2003)).

[DE# 22, Ex. M].

The Third District Court of Appeal per curiam affirmed. Adaway v. State, 961 So. 2d 949 (Fla. 3d DCA 2007) (3D07-936).

Adaway filed a federal habeas petition on August 13, 2007. He argued in part: (6) counsel failed to "reserve his right to file an appeal of trial court denial of his motion to suppress." [DE# 1, 2 at 23]. In its initial Report, this Court noted Adaway's failure to reiterate his Rule 3.850 claim of ineffective assistance of

4

appellate counsel in his federal habeas petition and did not address the issue further. See [DE# 37 at 17 n.4]. The Court now addresses the claim that appellate counsel was ineffective for failing to challenge the trial court's denial of the motion to suppress his confession on direct appeal. See [DE# 57].

## IV. Exhaustion and Procedural Default

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id. Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)).

Procedural default can arise in two ways in federal court: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and

5

it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). In the first instance, the federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar. In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Id. at 1303. A claim is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar. Coleman v. Thompson, 501 U.S. 722, 734-35 and n. 1 (1991). The state court's basis for rejecting the claim must be firmly established and regularly followed, and not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

Adaway's claim is barred by procedural default. The State court found Adaway's claim of ineffective assistance of counsel for failing to appeal the motion to suppress was procedurally barred under Florida law. The appellate court's per curiam affirmance of the circuit court's ruling "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990).

Independent and adequate state law grounds support the State court's application of procedural bar. In Florida, "claims of ineffective assistance of appellate counsel are not cognizable in postconviction motions, and should be raised in habeas petitions" filed in State appellate court which considered the appeal. Griffin

v. State, 866 So. 2d 1, 21 (Fla. 2003). This rule is firmly established and regularly followed. See Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000); Downs v. State, 740 So. 2d 506, 509 n.5 (Fla. 1999); Smith v. State, 543 So. 2d 316 (Fla. 5th DCA 1989). The rule was not applied arbitrarily or unjustly to Adaway's Rule 3.850 claim of ineffective assistance of appellate counsel.

Because Adaway failed to properly raise his claim in appropriate state court proceedings, resulting in the application of a procedural bar by the state courts, the claim is likewise procedurally barred in this federal court.

To avoid application of the procedural default in this Court, Adaway would have to establish objective cause for the failure to properly raise the claim in the state courts and actual prejudice resulting from the error complained of. To demonstrate cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); see also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Adaway has failed to demonstrate cause and prejudice. He has not raised any objective factor that would excuse his failure to timely raise his claim in state court and has not established a reasonable probability that the outcome of his proceeding would have been different. Thus, he cannot overcome the procedural bar. See O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v. Frady, 456

U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).

Nor would applying procedural default in this case result in a fundamental miscarriage of justice. Murray, 477 U.S. at 495-95. Adaway has not raised any extraordinary circumstances that would excuse his procedural default. Id.

## V. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's

claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

In the instant case, the Petitioner seeks habeas relief based on ineffective assistance of appellate counsel. A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective

9

assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

To obtain habeas relief, Adaway must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

## VI. Discussion

Even if Adaway had properly presented his claim of ineffective assistance of appellate counsel in State court, he would not be entitled to federal habeas relief because he has failed to establish counsel was deficient or that any deficiency prejudiced him.

Counsel was not deficient for failing to raise the suppression issue on appeal because it lacked merit. It is well settled that appellate counsel is not required to raise meritless issues. Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990); Diaz v. Sec'y, Dep't of Corr., 402 F.3d 1136 (11th Cir. 2005) (appellate counsel not ineffective for failing to raise nonmeritorious claims). Counsel is not required to raise even "nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). The hallmark of effective appellate advocacy is the ability to "winnow out weaker arguments on appeal and [focus] ... on 'those more likely to prevail' ..." Smith v. Murray, 477 U.S. 527, 536 (1986).

As a general matter, the State must show the suspect made a voluntary, knowing and intelligent waiver of his right to counsel

10

before introducing a confession taken outside the presence of counsel. Miranda v. Arizona, 384 U.S. 436, 475 (1966). Determining whether a waiver was voluntary, knowing and intelligent depends on whether under the totality of the circumstances: (1) it was the product of a free and deliberate choice, not coercion, intimidation or deception; and (2) it was made with a full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it. Moran v. Burbine, 475 U.S. 412, 421 (1986). As to prong one, the fact that a defendant suffers a mental disability does not alone render a waiver involuntary; instead, there must be coercion by an official actor. United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995); see Colorado v. Connelly, 479 U.S. 157, 169-70 (1986). As to prong two, a defendant's impaired mental state may prevent him from understanding the nature of his waiver. Moran, 475 U.S. at 421. The question of voluntariness is a mixed question of law and fact. See Miller v. Fenton, 474 U.S. 104, 112 (1985).

No error is evident in the trial court's finding that Adaway's confession was not the result or coercion and was made with an understanding of the rights he was abandoning. First, the trial court's finding the confession did not result from police coercion is supported by the record. The suppression hearing transcript reveals Adaway was not detained for an unreasonable time and that he was provided food when requested. The transcript also reveals the detective and Adaway already knew each other and had established rapport. In Adaway's taped confession, he read all the Miranda warnings and acknowledged he was not being coerced but was providing a statement voluntarily. The court took all these circumstances into consideration and concluded Adaway decided to voluntarily confess because he and the detective had established rapport and not because he was being coerced by police.

11

Second, the trial court found the circumstances indicated Adaway understood his rights and voluntarily waived them. This finding is supported by the suppression hearing transcript, which reveals Adaway was able to read the Miranda form without assistance and indicated he understood his rights and the consequences of waiving them. The court took these circumstances into consideration and concluded Adaway understood his rights and waived them voluntarily. The trial court did not err by denying Adaway's suppression motion under these circumstances. See, e.g., Hojan v. State, 3 So. 3d 1204 (Fla. 2009) (motion to suppress properly denied where officer testified he read the defendant his Miranda rights, and defendant said he understood them and was willing to talk to the officer). Accordingly, appellate counsel cannot be deemed deficient for declining to raise this meritless issue.

Even if counsel was deficient, Adaway cannot demonstrate prejudice because the claim would not have probably prevailed on appeal. A Florida trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling. Rolling v. State, 695 So. 2d 278, 291 (Fla. 1997). In reviewing a trial court's ruling on a motion to suppress, the Florida appellate court applies a two-step analysis in which the court must determine whether: "(1) competent, substantial evidence supports the trial court's findings of historical fact; and (2) [whether] the trial court reached the correct legal conclusion that [a defendant] knowingly, intelligently and voluntarily waived his Miranda rights." Thomas v. State, 894 So. 2d 126, 136 (Fla. 2004).

As set forth above, there is competent substantial evidence in

the record to support the trial court's denial of the motion to suppress. Therefore, this issue would not have probably succeeded on appeal and counsel's failure to appeal the issue did not prejudice Adaway.

Accordingly, the State court's denial of this claim is not contrary to or an unreasonable application of clearly established federal law. See Philmore v. McNeil, 575 F.3d 1251 (11th Cir. 2009)(petitioner unable to establish prejudice on claim of ineffective assistance of appellate counsel where the trial court's decision was supported by competent substantial evidence); United States v. Glover, 431 F.3d 744 (11th Cir. 2005) (knowing, voluntary waiver where the government presented evidence the defendant interacted normally and intelligently with the arresting agents and was familiar with the criminal justice system); Moore v. Dugger, 856 F.2d 129 (11th Cir. 1988) (voluntary waiver despite low I.Q. where the petitioner was advised of his rights, understood them, signed a waiver card, was generally calm and responsive, did not appear confused, understood the questions, demonstrated how he killed the victim and explained his motive); Henyard v. McDonough, 459 F.3d 1217, 1241 (11th Cir. 2006)(defendant's previous experience with the justice system supported knowing and intelligent waiver).

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 26th day of April, 2010.

UNITED STATES MAGISTRATE JUDGE

cc: Darrick Adaway, pro se
 DC# 081041
 Cross City Correctional Institution
 568 NE 255 Street
 Cross City, FL 32628

 Forrest Andrews, AAG
 Office of the Attorney General
 444 Brickell Ave., Suite 650
 Miami, FL 33131